IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SASCHA LIPCZENKO | : | |
| | : | |
| v. | : | CIVIL NO. CCB-09-1407 |
| | : | |
| ARNE DUNCAN, | : | |
| Secretary of Education, | : | |
| United States Department of Education. | : | |
| | : | |

...o0o...

**MEMORANDUM**

Now pending before the court is a motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment filed by the defendant, the United States Secretary of Education ("the Secretary"). Sascha Lipczenko has sued to enjoin the defendant from collecting on student loan debt. The issues in this motion have been fully briefed and no oral argument is necessary. For the reasons that follow, the defendant's motion will be granted.[1]

**BACKGROUND**

Mr. Lipczenko seeks to enjoin the defendant from collecting on student loan debt that he believes he paid in full in a compromise settlement in 2004. He also asks the court to require the defendant to remove any "related information from all credit report organizations/companies." (Compl. at ¶ 3.) The defendant argues, however, that although Mr. Lipczenko indeed settled his debt from a 1995 Direct Plus Loan in a 2004 compromise, he never paid off his debt from a 2002

---

[1] Mr. Lipczenko recently filed a motion requesting "an extension of time to respond to the United States last request for dismissal". Mr. Lipczenko had previously filed a response memorandum to the defendant's motion, however, and therefore appears to have requested permission to file a surreply. Surreply memoranda are not permitted unless ordered by the Court. Local Rule 105.2(a). A court may permit surreplies "when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (internal citation omitted). Because here, the defendant's reply memorandum did not raise any new arguments or issues, the court will not permit Mr. Lipczenko to file a surreply.

Direct Consolidated Loan, which went into default in 2007. The defendant contends that as of June 2009, Mr. Lipczenko still owed $34,453.70 on the 2002 Direct Consolidated Loan ($31,809.75 in principal and $2,643.95 in unpaid accrued interest).[2]

Mr. Lipczenko's complaint also seeks an award of damages in the amount of $47,032.03, although it alleges no specific basis for this demand. Mr. Lipczenko withdrew his claim for damages, however, in his opposition to the defendant's motion to dismiss.[3]

## ANALYSIS

The defendant argues that the court lacks subject matter jurisdiction to award the requested injunction because the Secretary cannot be enjoined pursuant to the Higher Education Act of 1965 ("HEA"). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Pres. Ass'n v. County Commissioners of Carroll County*, 523 F.3d 453, 459 (4th Cir. 2008). When considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted). The court should only grant a Rule 12(b)(1) motion if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal quotation marks and citation omitted).

Suits against the federal government are limited to the extent the government waives its sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Pursuant to the

---

[2] The government has contacted Mr. Lipczenko seeking to agree upon a payment plan consistent with his financial circumstances.

[3] Mr. Lipczenko's opposition memorandum states that "Plaintiff is willing to remove the claim for $43,032 [sic], and modify the claim to $400 for failed legal fees, as Plaintiff seeks only to be made whole, and relieved of the overly brad [sic] burden the Department of Education is seeking to impose." (Pl.'s Opp'n Mem. at 12.)

HEA, the Secretary may "sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States . . . but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control . . ." 20 U.S.C. § 1082(a)(2). Courts have repeatedly held that this provision prohibits claims for injunctive relief against the Secretary in relation to his powers under the HEA. *See Thomas v. Bennett*, 856 F.2d 1165, 1168 (8th Cir. 1988); *Green v. United States*, 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000); *Calise Beauty Sch. v. Riley*, 941 F. Supp. 425, 428 (S.D.N.Y. 1996); *Whayne v. Dep't of Educ.*, 915 F. Supp. 1143, 1145 (D. Kan. 1996); *Bartels v. Alabama Commercial Coll.*, 918 F. Supp. 1565, 1573 (S.D. Ga. 1995), *rev'd in part on other grounds*, 189 F.3d 483 (11th Cir. 1999).

Section 1082(a)(2), however, "does not protect the Secretary from being enjoined when he exercises powers that are clearly outside of his statutory authority." *Calise*, 941 F. Supp. at 428; *see also Bartels*, 918 F. Supp. at 1573-74 (holding that where plaintiffs did not allege that the Secretary had exceeded his authority their claim for injunctive relief was barred). Moreover, even where a court lacks jurisdiction over a plaintiff's claim for injunctive relief, it may still consider additional forms of relief pled by the plaintiff. *Thomas*, 856 F.2d at 1168.

Because Mr. Lipczenko has nowhere alleged, nor does it appear, that the Secretary acted outside the scope of his authority, Mr. Lipczenko's claim for injunctive relief is barred by section 1082(a)(2). Furthermore, Mr. Lipczenko withdrew his claim for damages, so the court lacks subject matter jurisdiction over the entirety of his case.[4]  *See Bartels*, 918 F. Supp. at 1574

---

[4]  Even if Mr. Lipczenko had not withdrawn his claim for damages, the defendant would be entitled to summary judgment. Summary judgment is appropriate where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v.*

(holding that where a claim for declaratory relief was essentially a request to enjoin the Secretary from collecting on student loans, it was also barred by § 1082(a)(2)) (citing *Expedient Services, Inc. v. Weaver*, 614 F.2d 56, 58 (5th Cir. 1980)).  Accordingly, the court will grant the defendant's motion to dismiss.

    A separate Order follows.

      February 22, 2010                              /s/
      Date                                                    Catherine C. Blake
                                                United States District Judge

---

*Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

    Mr. Lipczenko has not set forth any specific facts showing that he is entitled to damages from the defendant.  Rather, Mr. Lipczenko has failed to rebut evidence showing that he still owes over $34,000 in student loan debt.  (*See* Decl. of Lynda Faatalale at 3-4.)  Although Mr. Lipczenko paid off a portion of his debt in a 2004 settlement, that settlement did not encompass a Direct Consolidated Loan issued to Mr. Lipczenko in 2002.  (*See id.* at 4.)  Mr. Lipczenko's 2002 Direct Consolidated Loan went into default in 2007 (*id.*), and is the basis for the defendant's collection efforts.  Accordingly, even had Mr. Lipczenko not withdrawn his claim for damages, the defendant would nevertheless have been entitled to summary judgment as a matter of law.